# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:06cr47-RH/CAS
  4:16cv266-RH/CAS

CALVIN WHITE,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Calvin White has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 44. No objections have been filed. This order accepts the report and recommendation and denies the § 2255 motion.

Mr. White was sentenced in 2006. He was a career offender within the meaning of United States Sentencing Guidelines Manual § 4B1.1. Under that provision, a career offender is a defendant who was age 18 or more at the time of the offense of conviction, whose offense of conviction was a felony crime of violence or controlled-substance offense, and who had two prior felony convictions

for a crime of violence or controlled-substance offense. Mr. White qualified and was sentenced accordingly.

At that time, the definition of a crime of violence under § 4B1.1 closely tracked the definition under the armed-career-criminal statute, 18 U.S.C. § 924(e). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held part of the 924(e) definition—the definition's "residual clause"—unconstitutionally vague. *Johnson* is retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Mr. White's 2255 motion asserts that *Johnson* applies to the corresponding definition in the Guidelines Manual. As the report and recommendation correctly concludes, the Supreme Court now has rejected that assertion. *See Beckles v. United States*, 137 S. Ct. 886 (2017). This without more is a sufficient basis for denying the 2255 motion.

There also is another ground for denying the 2255 motion. Mr. White had prior convictions for battery on a law enforcement officer (*see* Presence Report ¶ 35), resisting an officer with violence (*id.* ¶ 35), and robbery with a firearm (*id.* ¶ 36). Even had *Beckles* reached the opposite result—that is, even had *Beckles* held the career-offender guideline's residual clause unconstitutional—resisting with violence and robbery with a firearm would still constitute crimes of violence. This is so because each of these offenses is a crime of violence under the still-valid


other parts of the definition of a crime of violence. *See United States v. Romo-Villalobos*, 674 F.3d 1246, 1248-51 (11th Cir. 2012) (resisting with violence); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (robbery).

To be sure, the presentence report's statement that Mr. White was a career offender referred only to the prior convictions for battery on a law enforcement officer and robbery with a firearm; the statement did not refer to the resisting-with-violence conviction. *See* Presentence Report ¶ 21. But this makes no difference. The resisting-with-violence conviction was properly noted in the criminal-history portion of the presentence report, would have been treated as a career-offender predicate had it mattered, and would be treated as a career-offender predicate if Mr. White was resentenced today.

Relief cannot be granted under § 2255 based on an error that made no difference. *See, e.g., Beeman v. United States*, __ F.3d __, 2017 WL 4210419, at *4 (11th Cir. Sept. 22, 2017). So even had reliance on the battery-on-a-law-enforcement-officer conviction been an error—under *Beckles*, it was not—Mr. White still would not be entitled to relief.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for

relief under 28 U.S.C. § 2255 is denied.

    2. A certificate of appealability is denied.

    SO ORDERED on October 3, 2017.

                                                 s/Robert L. Hinkle
                                                 United States District Judge